Sammy Michael ALVAREZ, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 89SC169.

Supreme Court of Colorado, En Banc.

Sept. 10, 1990.

Rehearing Denied Sept. 24, 1990.

Lawrence J. Schulman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari in this case to review the constitutionality of defendant Sammy Michael Alvarez's sentence to life imprisonment under the Habitual Criminal Act, §§ 16–13–101 to 16–13–103, 8A C.R.S. (1986 & 1989 Supp.). The court of appeals affirmed the defendant's conviction and held that he was not entitled to a proportionality review of his life sentence because he is eligible for parole. The defendant argues that he is entitled under the eighth amendment to the United States Constitution, and article II, section 20, of the Colorado Constitution, to an extensive proportionality review of his life sentence based on the three criteria identified in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The defendant also argues that whether this court undertakes a limited or extensive proportionality review of his sentence, it should hold that his sentence constitutes cruel and unusual punishment. We hold that the defendant is entitled to an abbreviated proportionality review of his sentence, and, on the basis of such a review, we affirm the judgment of the court of appeals.

## I.

On November 13, 1985, the People charged the defendant by information with aggravated robbery,[1] theft,[2] and conspiracy to commit aggravated robbery and theft,[3] and requested mandatory sentencing for a crime of violence under section 16–11–309, 8A C.R.S. (1986). On March 3, 1986, the Arapahoe County District Court granted the People's motion to amend the information to include five additional counts charging that the defendant was an habitual criminal under subsection 16–13–101(2). The five additional counts alleged that in 1983 the defendant was convicted of second degree burglary (count five);[4] in 1982 the defendant was convicted of criminal attempt to commit theft (count six);[5] in 1982 the defendant was convicted of first degree criminal trespass (count seven);[6] in 1980 the defendant was convicted of criminal attempt to commit second degree burglary (count eight);[7] and that in 1978 the defendant was convicted of conspiracy to commit second degree burglary (count nine).[8] The jury found the defendant guilty of aggravated robbery, theft, and conspiracy to commit aggravated robbery and theft. Thereafter the jury found the defendant to be an habitual criminal. On February 3, 1987, the district court sentenced the defendant to life imprisonment pursuant to subsection 16–13–101(2). Subsection 17–22.5–104(2)(c), 8A C.R.S. (1986), provides that the defendant must serve at least 40 years in prison before he will become eligible for parole.

## II.

The defendant argues that he is entitled to an extensive proportionality review of his sentence under the cruel and unusual punishment clauses of the United States and Colorado Constitutions, and that such a

---

1. § 18–4–302, 8B C.R.S. (1986). In 1986 the legislature added § (4) to § 18–4–302. 1986 Colo. Sess. Laws 777–78.

2. § 18–4–401, 8B C.R.S. (1986).

3. § 18–2–201, 8B C.R.S. (1986).

4. § 18–4–203, 8B C.R.S. (1986).

5. § 18–2–101, 8B C.R.S. (1986).

6. § 18–4–502, 8B C.R.S. (1986).

7. § 18–2–101.

8. § 18–2–201.

review must incorporate the three criteria set out by the Supreme Court in *Solem v. Helm*. The defendant further argues that the proportionality review would be required to be held in the district court. We hold that in this case the applicable constitutional provisions call for no more than an abbreviated proportionality review of the defendant's life sentence, and that according to such a review the defendant's sentence violates neither the eighth amendment to the United States Constitution nor article II, section 20, of the Colorado Constitution.

### A.

■ The eighth amendment to the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article II, section 20, of the Colorado Constitution is identical to the eighth amendment to the United States Constitution. The final clause of the eighth amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem*, 463 U.S. at 284, 103 S.Ct. at 3006.

In *Solem*, the Supreme Court held "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.* at 290, 103 S.Ct. at 3009. The Court further held that "[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* (footnote omitted). Although the Court noted that " '[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare,' " *Solem*, 463 U.S. at 289–90, 103 S.Ct. at 3009–10 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980)) (brackets and emphasis supplied by *Solem* Court), it

also stated that "no penalty is *per se* constitutional," and reiterated its statement in *Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962), that a single day in prison may be unconstitutional in some circumstances. *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009.

The *Solem* Court outlined three objective factors that should guide courts in reviewing sentences under the eighth amendment. According to the Court, "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011. The defendant in *Solem* had been previously convicted of six non-violent felonies when, in 1979, he pleaded guilty to uttering a no-account check for $100. *Id.* at 279–81, 103 S.Ct. at 3004–05. The state trial court sentenced the defendant under South Dakota's recidivist statute to life imprisonment without the possibility of parole. *Id.* at 282, 103 S.Ct. at 3005. The Supreme Court held that the defendant's sentence violated the eighth amendment. *Id.* at 303, 103 S.Ct. at 3016.

The Court's opinion in *Solem* distinguished, but did not overrule, *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In *Rummel*, the Court upheld the life sentence imposed upon the defendant pursuant to the Texas recidivist statute. Rummel had previously been convicted of fraudulent use of a credit card to purchase $80 worth of goods, and passing a forged check in the amount of $28.36. *Id.* at 265, 100 S.Ct. at 1135. In 1973 the trial court sentenced Rummel to life imprisonment following his conviction for obtaining $120.75 by false pretenses. *Id.* at 266, 100 S.Ct. at 1135. The Court noted that the court of appeals, which upheld Rummel's conviction, had considered the probability that Rummel would be eligible for parole within twelve years of his initial confinement to be particularly important.[9] *Id.* at

---

**9.** The Court further noted that Texas had "a    relatively liberal policy ... that historically has

268, 100 S.Ct. at 1136. The Court deferred to Texas' discretionary power to prescribe criminal punishments and upheld Rummel's sentence. *Id.* at 284–85, 100 S.Ct. at 1144–45.

The *Solem* Court stated that its decision was "entirely consistent with [the] Court's prior cases—including *Rummel v. Estelle.*" *Solem*, 463 U.S. at 288 n. 13, 103 S.Ct. at 3008 n. 13. The Court noted that because

> the *Rummel* Court ... offered no standards for determining when an Eighth Amendment violation has occurred, it is controlling only in a similar factual situation. Here the facts are clearly distinguishable. Whereas Rummel was eligible for a reasonably early parole, Helm, at age 36, was sentenced to life with no possibility of parole.

*Id.* at 304 n. 32, 103 S.Ct. at 3017 n. 32.

In *People v. Hernandez*, 686 P.2d 1325, 1327 (Colo.1984), we stated that "[s]ince *Solem* is the last pronouncement of the Supreme Court, we are compelled to grant proportionality review when a life sentence is imposed under the Colorado habitual criminal statute." In *Hernandez*, we upheld the defendant's life sentence under the Habitual Criminal Act on the basis of an abbreviated proportionality review. *Id.* at 1330. The defendant in *Hernandez* was convicted of second degree burglary and conspiracy to commit second degree burglary, and had been previously convicted of robbery, theft, attempted second degree forgery, sale of narcotic drugs, second degree burglary and theft over $100.00, and possession of contraband. *Hernandez*, 686 P.2d at 1329 n. 3. In *Hernandez*, we upheld the defendant's sentence on the basis of the gravity of the offenses he committed, including the fact that some of the offenses were "serious violent crimes," and the fact that the defendant would be eligible for parole. *Id.* at 1330. We noted that

"*Rummel* can only be distinguished from *Solem* by emphasizing the provision in the South Dakota statute which denies habitual criminals the possibility of parole." *Id.* at 1330 n. 4. In *People v. Drake*, 785 P.2d 1257, 1275 (Colo.1990), we stated that this statement in *Hernandez* suggests that the constitutionality of a sentence imposed under an habitual criminal statute depends to a great extent on the availability of parole.

## B.

### 1.

▓▓▓▓ We hold that a defendant who challenges the constitutionality of a life sentence imposed under Colorado's present habitual criminal statute is entitled to an abbreviated proportionality review of that sentence. *Hernandez*, 686 P.2d at 1329; *People v. Austin*, No. 87CA1648, slip op. at 9, —— P.2d ——, —— (Colo.App. April 26, 1990) ("a proportionality review is required when a life sentence is imposed under [Colorado's] present habitual criminal statute even though [the] statute does allow for parole"). The eighth amendment requires every criminal sentence to be proportionate to the crime for which the defendant has been convicted. *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009. The provisions of the Habitual Criminal Act create a unique possibility that a defendant will receive a life sentence which is not proportionate to the crime for which the defendant has been convicted. Trial and appellate courts must afford criminal defendants who challenge their life sentences under Colorado's habitual criminal statute abbreviated proportionality reviews of those sentences, in order to guard against the possibility that the sentences violate the constitutional prohibitions against cruel and unusual punishment. *Id.; Drake*, 785 P.2d at 1275; *Hernandez*, 686 P.2d at 1329.

---

allowed a prisoner serving a life sentence to become eligible for parole in as little as 12 years." *Rummel*, 445 U.S. at 280, 100 S.Ct. at 1142. The Court noted that "because parole is 'an established variation on imprisonment of convicted criminals,' a proper assessment of Texas' treatment of Rummel could hardly ignore the possibility that he will not actually be imprisoned for the rest of his life." *Id.* at 280–81, 100 S.Ct. at 1142–43 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972)). Rummel was, in fact, released within eight months of the Court's decision in his case. *Solem*, 463 U.S. at 297 n. 25, 103 S.Ct. at 3013 n. 25.

■ Except in rare cases, trial and appellate courts may review the constitutionality of sentences under the eighth amendment by engaging in less than "an extended analysis." *Solem,* 463 U.S. at 290 n. 16, 103 S.Ct. at 3009 n. 16. As the *Solem* Court noted, "[i]n view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in an extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* In *Hernandez,* 686 P.2d at 1330, and *Drake,* 785 P.2d at 1275, we undertook proportionality reviews which were less extensive than the complete analysis suggested by the *Solem* Court. *See also State v. Davis,* 310 Md. 611, 629, 530 A.2d 1223, 1232 (1987) (extended proportionality analysis not required due to Maryland's serious treatment of daytime housebreaking and the stringent requirements for qualifying offenses under Maryland's recidivist statute). Thus in almost all cases in which a defendant challenges the constitutionality of his sentence under Colorado's recidivist statute, the constitutional inquiry will not require more than an abbreviated proportionality review.[10]

### 2.

■ We turn next to the defendant's claim that the facts of his case require that either this court or the trial court undertake an extended proportionality review of his sentence. We reject the defendant's contention that an extensive proportionality review is required in order to determine whether his life sentence violates the eighth amendment or article II, section 20, of the Colorado Constitution. The offenses underlying the defendant's conviction under subsection 16–13–101(2), and the offenses previously committed by the defendant, all represent serious violations of Colorado law: *Cf. Hernandez,* 686 P.2d at 1330; *see also Rummel,* 445 U.S. at 275–76, 100 S.Ct. at 1139–40. In addition the defendant is eligible for parole. *Cf. Drake,* 785 P.2d at 1275. Therefore, we may evaluate the constitutionality of the defendant's sentence by means of an abbreviated proportionality review.

■ Our abbreviated review of the defendant's sentence establishes that it does not violate the eighth amendment or article II, section 20, of the Colorado Constitution. The jury found that the defendant had been previously convicted of second degree burglary, criminal attempt to commit theft, first degree criminal trespass, and criminal attempt to commit second degree burglary. In *Hernandez,* 686 P.2d at 1330, the defendant had been previously convicted of six felonies, including robbery and the sale of narcotics. The defendant in *Hernandez* was adjudged an habitual criminal on the basis of these previous felony convictions, as well as his convictions of the felonies of second degree burglary and conspiracy to commit second degree burglary. *Id.* In *Hernandez,* we held that "[t]he gravity of the offenses committed by the defendant ... justified the harshness of the sentence which was imposed." *Id.* We noted that all of the offenses committed by the defendant were more serious than the offenses committed by the defendant in *Solem. Id.* We also noted that, unlike the defendant in *Solem,* the defendant would be eligible for parole. *Id.*

---

10. The Third, Fourth, Fifth, Sixth, and Eleventh Circuits have explicitly held that an appellate court need not always undertake an extensive proportionality analysis to determine the constitutionality of a defendant's sentence. *See Chandler v. Jones,* 813 F.2d 773, 778 (6th Cir.1987); *United States v. Rosenberg,* 806 F.2d 1169, 1175 (3d Cir.1986); *Holley v. Smith,* 792 F.2d 1046, 1049 (11th Cir.1986); *United States v. Rhodes,* 779 F.2d 1019, 1028 (4th Cir.1985); *Moreno v. Estelle,* 717 F.2d 171, 180 n. 10 (5th Cir.1983). Courts have generally declined to undertake extensive proportionality reviews of sentences in cases which fall outside of *Solem's* particular factual context. *See Chandler,* 813 F.2d at 779 ("[i]n cases factually similar to *Rummel,* ... a proportionality challenge to a particular sentence may be rejected without application of the *Solem* objective criteria test"); *Rosenberg,* 806 F.2d at 1175 ("apart from *Solem's* particular factual context—a life sentence without the possibility of parole—an abbreviated proportionality review following the *Solem* guidelines satisfies eighth amendment demands"); *Rhodes,* 779 F.2d at 1028; *Moreno,* 717 F.2d at 180 ("*Rummel* still provides the rule in cases with fact situations not clearly distinguishable from that in *Rummel* itself").

The same analysis applies in this case. The jury found that the defendant had been previously convicted of four serious felonies. In addition, the jury convicted the defendant of aggravated · robbery, theft, and conspiracy to commit aggravated robbery and theft. The gravity of these offenses justified the sentence imposed upon the defendant. *Id.; see also Drake,* 785 P.2d at 1275. Furthermore, the defendant will be eligible for parole after he has served 40 years in prison. *Cf. Rummel,* 445 U.S. at 280–81, 100 S.Ct. at 1142–43; *Drake,* 785 P.2d at 1275.

The defendant's sentence is affirmed.

KIRSHBAUM, J., does not participate.