**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Chris CISNEROS, Defendant–Appellant.**

**No. 89CA1820.**

Colorado Court of Appeals,
Div. I.

June 6, 1991.

Rehearing Denied July 18, 1991.

Certiorari Denied Jan. 27, 1992.

Cross-Petition for Certiorari Granted
(People) Jan. 27, 1992.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard B. Forman, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner & Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Chris Cisneros, appeals the judgment of conviction and sentence imposed following a trial to the court. He specifically appeals the habitual criminal counts and the life sentence imposed. We affirm the conviction, but remand the cause for further proceedings relative to the sentence imposed.

## I.

A prior conviction obtained in a constitutionally invalid manner cannot be used against an accused in a later criminal proceeding to prove guilt or to increase punishment. *Lacy v. People,* 775 P.2d 1 (Colo. 1989), *cert. denied sub nom. Colorado v. Lacy,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989).

Relying upon this principle, defendant initially contends that the trial court erred in allowing three of his prior felony convictions to be used as a basis for finding him an habitual criminal. We perceive no error.

## A.

Defendant first argues that in Denver District Court Criminal Action No. 45846 in 1960, his guilty plea to receiving stolen property was involuntary because he did not understand the nature of the offense charged.

The standards for conducting a providency hearing at the time the plea was entered were contained in § 39–7–8, C.R.S. 1953. That statute required only that the accused be advised of the consequences of his plea and the crime with which he was charged. *People v. Arnold,* 190 Colo. 193, 544 P.2d 968 (1976).

The transcript of the 1960 providency hearing establishes that defendant was advised of the possible penalties and of the crime with which he was charged. Additionally, defendant was advised of his right to a jury trial and to legal representation. Defendant was represented by counsel at the hearing and further waived the taking of evidence. Hence, the record supports the court's conclusion that his guilty plea was entered voluntarily and knowingly.

## B.

Defendant next asserts that in the 1979 Arapahoe County District Court Criminal Action No. C–6963 and the 1986 Douglas County District Court Criminal Action No. 85CR22 his guilty pleas to attempted second degree burglary were invalid. He maintains that the failure to advise him of the *mens rea* of the offense to which the pleas were entered rendered the pleas constitutionally infirm.

Due process requires that a conviction be based on a guilty plea entered knowingly and voluntarily. To ensure that constitutional standards are satisfied, the record, as a whole, must show that the

defendant understood the true nature of the charge against him, his waiver of various constitutional rights, and the consequences of the plea. *People v. Chavez*, 730 P.2d 321 (Colo.1986). Generally, compliance with Crim.P. 11 is sufficient to satisfy these constitutional standards. *People v. Wade*, 708 P.2d 1366 (Colo.1985).

We are satisfied that the entry of defendant's pleas complied with constitutional standards. The record of the 1979 providency hearing was admitted into evidence to establish the validity of defendant's conviction and to support the habitual criminal charges. In the 1987 prosecution, defendant, represented by two attorneys, pleaded guilty at the close of the prosecution's case-in-chief. Before accepting the plea, the trial court explained the elements of the charge to which defendant pleaded guilty. It read aloud the information, and in so doing, explained various terms contained therein. The court's explanation of criminal attempt as "conduct constituting a substantial step toward the commission of second degree burglary" was sufficient to inform defendant of that aspect of the charge. *See Ramirez v. People*, 682 P.2d 1181 (Colo.1984). Further, his counsel acknowledged advising him of the various elements of the crime charged.

We do not agree with defendant's argument that the court failed to advise him of the *mens rea* element of the charge. The trial court defined the crime of burglary and pointed out with emphasis the element "with intent to commit the crime of theft." We, therefore, conclude that the trial court sufficiently apprised defendant of the *mens rea* element of the crime. *See People v. Alexander*, 797 P.2d 1250 (Colo. 1990); *Lacy v. People, supra*. Accordingly, such guilty plea could properly be used as a premise for the habitual criminal charge at issue here.

Similarly, there was no defect in the 1986 guilty plea. In that prosecution, defendant was represented by his 1979 counsel, who again informed the court that he had advised defendant of the nature of the charge against him. Again, defendant entered his plea in the middle of trial. The trial court read the charge of attempted second degree burglary and explained the elements to him. His counsel acknowledged a factual basis for the plea and waived "further establishment of a factual basis." Moreover, by this time defendant was obviously not uneducated in the criminal justice system. Consequently, under these circumstances, defendant's plea was voluntarily and knowingly entered.

## II.

Defendant also challenges the life sentence imposed upon him as an habitual criminal. He contends that the trial court erred in not conducting any type of proportionality review. We agree with defendant.

Under the present habitual criminal statute an abbreviated proportionality review is required when a life sentence is imposed. *Alvarez v. People*, 797 P.2d 37 (Colo.1990). We conclude, however, that under the circumstances presented here a more extensive review is necessary.

Defendant is 60 years old and will not be eligible for parole until age 99. *See* § 17–22.5–104(2)(c), C.R.S. (1986 Repl.Vol. 8A). Under the statutory mortality tables one who has completed the age of 60 years has a life expectancy of an additional 20.2 years. Section 13–25–103, C.R.S. (1987 Repl.Vol. 6A). Accordingly, it is likely that defendant will never be paroled and in a realistic sense is ineligible for it.

Since it is likely that defendant will spend the rest of his life in prison, we determine that *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) requires a proportionality review of the sentence based on the criteria enunciated in that opinion.

Under the *Solem* ruling, an extended proportionality review is mandated by the Eighth Amendment protection against cruel and unusual punishment if the defendant is faced with a life sentence without the possibility of parole. In *Alvarez v. People, supra*, our supreme court indicated that only a limited proportionality review

must be made when a defendant with a life sentence is eligible for parole. In our view, however, the fact that defendant's life will likely end before he is eligible for parole makes this situation comparable to that in *Solem v. Helm*, and, therefore, an extended proportionality review is required. *See also People v. Austin*, 799 P.2d 408 (Colo. App.1990).

■ We find the situation at issue here more akin to *Solem* than to *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In *Rummel*, it was held that there was no necessity for a proportionality review because of the relatively quick parole opportunity available for the defendant (10–12 years). In *Solem*, the State of South Dakota argued that the possibility of commutation of a life sentence through the executive branch was sufficiently similar to the defendant's situation in *Rummel* so that a proportionality review was unnecessary. This argument, however, was rejected because the court determined that the chance of the defendant's release from prison by sentence commutation prior to his death was extremely remote in comparison to the likelihood that the defendant in *Rummel* would be released through parole prior to his death.

Here, as in *Solem*, there is a theoretical legal avenue (*i.e.*, parole in 40 years) available to defendant so that he might not spend the remainder of his life in jail. However, given his age and the time he is required to spend in jail before he is eligible for parole, he, like Solem, will almost certainly spend the rest of his life in jail. Moreover, *Solem* indicates that a burglary conviction does not preclude a defendant from having a constitutional right to an extended proportionality review. Therefore, since, for all practical purposes, defendant is ineligible for parole, we conclude that he is entitled to an extended, rather than an abbreviated, proportionality review of his sentence.

■ Under an extended proportionality review, the court should be guided by objective criteria, including: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm, supra.*

In *People v. Austin, supra*, this court stated that proportionality reviews should typically be conducted in the trial court. However, because all the necessary material was before the court in *Austin*, it made an initial proportionality review for the first time on appeal.

Here, because the essential information is not in the record before us, we conclude that this proportionality review should be conducted in the trial court. Therefore, the matter must be remanded to the trial court for an extended proportionality review.

The judgment of conviction is affirmed, and the cause is remanded for an extended proportionality review of the sentence imposed consistent with the requirements of *Solem v. Helm, supra.*

PIERCE and CRISWELL, JJ., concur.