The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robby VALENZUELA, Defendant–Appellant.

No. 89CA0951.

Colorado Court of Appeals, Div. I.

June 20, 1991.

Rehearing Denied Aug. 1, 1991.

Certiorari Granted (Petitoner and Cross–Petitioner) Feb. 24, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Robert B. Holt, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Robby Valenzuela, appeals the judgment of conviction and the life sentence imposed following a jury trial which found him guilty of first degree murder and crime of violence. We affirm.

The defendant and the victim had been drinking when an argument erupted about whether the victim had been involved with the defendant's girlfriend. A fist fight ensued. After the fight, the victim left the defendant's apartment and walked to an adjacent parking lot. The defendant, armed with a knife, pursued him. The argument continued, and the defendant stated, "I should just kill you. I'll kill you." He then stabbed the victim in the heart.

### I.

Defendant first contends that the evidence was insufficient to support a guilty verdict for first degree murder. He maintains that the evidence did not show that he acted with the requisite intent and after deliberation. We disagree.

Section 18–3–102(1)(a), C.R.S. (1986 Repl. Vol. 8B) provides that a "person commits the crime of murder in the first degree if ... [a]fter deliberation and with the intent to cause the death of a person other than himself, he causes the death of that person or of another person." The term "after deliberation" is defined to mean "not only intentionally but also that the decision to commit the act has been made after the exercise of reflection and judgment concerning the act. An act committed after deliberation is never one which has been committed in a hasty or impulsive manner." Section 18–3–101(3), C.R.S. (1986 Repl.Vol. 8B). "A person acts 'intentionally' or 'with intent' when his conscious objective is to cause the specific result proscribed by the statute defining the offense." Section 18–1–501(5), C.R.S. (1986 Repl.Vol. 8B).

The elements of deliberation and intent can rarely be proven other than by circumstantial or indirect evidence. Thus, evidence of the manner in which the weapon is used may furnish some proof of the requisite culpability for first degree murder. And, while deliberation requires that a design to kill precede the killing, the length of time required for deliberation need not be long. *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983).

Here, the evidence, when reviewed in a light most favorable to the prosecution, is substantial and sufficient to permit a reasonable person to conclude beyond a reasonable doubt that the defendant intentionally caused the victim's death and that the decision to kill was made after the exercise of reflection and judgment. *See People v. Madson*, 638 P.2d 18 (Colo.1981).

From the circumstances surrounding the stabbing and the statements of the defendant, the jury could conclude that the defendant had the requisite intent to kill the victim. Moreover, the victim did nothing to provoke the incident, made no attempt to disarm the defendant, nor made any sudden or startling movements. The location of the stab wound indicates the use of the knife in a manner clearly intended to cause death. And, since the victim had retreated from the scene of the initial altercation, but defendant, nevertheless, obtained a knife and pursued the victim, the jury could also conclude that the defendant had sufficient time for the exercise of reflection and judgment concerning the fatal act.

Defendant argues that the consumption of a large amount of alcohol prevented him from having the requisite intent. However, eyewitnesses testified that the defendant did not appear to be drunk when he stabbed the victim. Accordingly, the totality of the evidence was sufficient for a reasonable person to conclude beyond a reasonable doubt that the defendant was guilty of first degree murder.

### II.

Defendant also contends that the sentence to life imprisonment without parole for forty years under § 16–11–103, C.R.S. (1986 Repl.Vol. 8A) constitutes an unconstitutionally disproportionate sentence when applied to a juvenile. We disagree.

Section 16–11–103(1)(a), C.R.S. (1986 Repl.Vol. 8A) provides in pertinent part:

"Upon conviction of guilt of a defendant of a class 1 felony, the trial court shall conduct a separate sentencing hearing to determine whether the defendant should be sentenced to death or life imprisonment, unless the defendant was under the age of eighteen years at the time of the commission of the offense, in which case the defendant shall be sentenced to life imprisonment."

The General Assembly has the inherent authority to prescribe punishment for criminal violations. Thus, for the defendant, age 17, the trial court was required by § 16–11–103 to impose a life sentence.

Nevertheless, in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court stated:

"[W]e hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional.... [A] single day in prison may be unconstitutional in some circumstances."

This language suggests that whenever a defendant claims a sentence violates the cruel and unusual punishment clause of the Eighth Amendment, he is entitled to a proportionality review of that sentence.

In *Alvarez v. People*, 797 P.2d 37 (Colo. 1990), our supreme court held that a defendant with a life sentence who has a realistic possibility of parole is entitled to an abbreviated proportionality review. *See also People v. Austin*, 799 P.2d 408 (Colo.App. 1990). The issue then is whether the defendant is entitled to an abbreviated proportionality review under *Alvarez* or an extended proportionality review under *Solem*. We conclude that the defendant is entitled only to an abbreviated proportionality review, and under that standard, we determine that his sentence does not violate the Eighth Amendment.

Here, defendant was a 17–year–old *juvenile*, who was tried and convicted as an adult. In *Thompson v. Oklahoma*, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988), the Supreme Court, quoting from the 1978 Report of the Twentieth Century Fund Task Force on Sentencing Policy Toward Young Offenders, stated:

"Crimes committed by youths may be just as harmful to victims as those committed by older persons, but they deserve less punishment because adolescents may have less capacity to control their conduct and to think in long-range terms than adults."

Consonant with this view of juvenile offenders, Colorado's court system is structured so that juveniles are to be treated less harshly than they would be if prosecuted as adults.

██ Taking such principles into consideration, we conclude that, if a defendant in a criminal case is under the age of 18 at the time he commits an offense and he receives a life sentence therefor, then his age should be considered, along with other factors (*i.e.*, violence of the offense, the gravity of the conviction, the possibility of parole), in determining the nature and the extent of the proportionality review to be given to his sentence.

In determining the proportionality and constitutionality of applying the death penalty against youth offenders, the United States Supreme Court has determined that the application of the death penalty to youth offenders age 16 and 17 does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Stanford v. Kentucky*, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989). The Court has concluded, however, that the death penalty constitutes cruel and unusual punishment for youths age 15 and under. *See Thompson v. Oklahoma, supra.*

██ Using this age differentiation as a guideline, we conclude that for juveniles age 16 or 17, only limited consideration of the minor's age need be given in determining if a limited or extended proportionality review of a life sentence is necessary.

Hence, since the defendant here was age 17 at the time of the crime, since he was the perpetrator of an extraordinarily violent offense, and since there is a realistic possibility of parole from his life sentence, we determine that an extended proportionality review is not required.

 In making that abbreviated proportionality review, the violence of the offense, the gravity of the conviction, the defendant's age, and the realistic possibility of parole within the defendant's lifetime are all factors which lead us to conclude that the sentence does not violate the Eighth Amendment. *See Solem v. Helm, supra.*

Judgment and sentence affirmed.

PIERCE and RULAND, JJ., concur.