**Salvadore JUAREZ, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 92SC134.**

Supreme Court of Colorado, En Banc.

July 6, 1993.

Rehearing Denied July 26, 1993.

---

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., John J.

Krause, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

Salvadore Juarez (Juarez) petitions from the decision of the court of appeals in *People v. Juarez*, No. 89CA1596 (Colo.App. Dec. 19, 1991) (not selected for publication), wherein the court of appeals conducted an abbreviated proportionality review of Juarez' sentence to life imprisonment pursuant to the habitual criminal statute, and concluded that it did not violate the Eighth Amendment to the United States Constitution or article II, section 20, of the Colorado Constitution. We affirm.[1]

I.

On April 15, 1988, a resident of an apartment complex observed Juarez attempting to enter both her apartment and another tenant's apartment by disengaging the door locks with a plastic card. The apartment resident called the assistant manager for the apartment complex, and the assistant manager confronted Juarez and told him to leave. The assistant manager observed Juarez drive away in a blue Ford automobile driven by another individual, and reported the incident and the license plate number of the vehicle to Denver Police officials. The police traced the license plate number to Juarez, and subsequently arrested him.

The People of the State of Colorado (the People) filed a complaint and information charging Juarez with two counts of criminal attempt to commit second-degree burglary of a dwelling.[2] The People also charged Juarez as a habitual criminal[3]

---

**1.** We granted certiorari in this case after we granted certiorari in *People v. Cisneros*, 824 P.2d 16 (Colo.App.1991), *cert. granted* (Colo. Jan. 27, 1992) (No. 91SC467), and *People v. Ates*, No. 89CA1593 (Colo.App. Apr. 4, 1991) (not selected for publication), *cert. granted* (Colo. June 8, 1992) (No. 92SC71), and after we consolidated *Cisneros* and *Ates* for our review. All three cases raise the issue of whether a defendant's age is a relevant consideration in conducting a proportionality review.

**2.** §§ 18–2–101(1), 18–4–203(2)(a), 8B C.R.S. (1986).

**3.** The relevant portion of the habitual criminal statute provides as follows:

    **16–13–101(2). Punishment for habitual criminals....**

    (2) Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct episodes, either in this state or elsewhere, of a felony ... shall be adjudged

based upon three prior convictions.[4] The first prior conviction, for conspiracy to commit second-degree burglary of a non-dwelling, occurred in 1980. *See* §§ 18–2–201(1), 18–4–203(1), 8 C.R.S. (1978). The second and third convictions, for second-degree burglary of a non-dwelling and attempt to commit second-degree burglary of a non-dwelling, both occurred in 1982. *See* §§ 18–4–203(1), 18–2–101(1), 8 C.R.S. (1978).

The district court entered a judgment of conviction upon a jury verdict finding Juarez guilty of two counts of criminal attempt to commit second-degree burglary of a dwelling, a class 4 felony.[5] Juarez subsequently waived his right to a jury trial on the habitual criminal counts. The district court adjudicated Juarez as a habitual criminal based upon the three prior felony convictions, and sentenced him to life imprisonment with no possibility of parole for forty years. *See* §§ 16–13–101(2), 17–22.5–104(2)(c), 8A C.R.S. (1986).

On appeal, Juarez argued that his case should be remanded to the trial court to conduct a proportionality review of his life sentence. In the alternative, Juarez asserted that the court of appeals should vacate his life sentence as disproportionate in violation of the Cruel and Unusual Punishment Clauses of the United States and Colorado Constitutions. Juarez further asserted that he was, for all practical purposes, sentenced to life without the possibility of parole by virtue of his age and life expectancy at the time of sentencing.[6]

The court of appeals denied Juarez' request to remand the case to the trial court to conduct a proportionality review. Rather, the court of appeals conducted an abbreviated proportionality review and concluded that Juarez' sentence was not constitutionally disproportionate. The court of appeals held as follows:

To ensure that a defendant's sentence does not violate the constitutional prohibitions against cruel and unusual punishment, a defendant that challenges his or her life sentence under the habitual criminal statute must be granted an abbreviated proportionality review of such sentence. *Alvarez v. People*, 797 P.2d 37 (Colo.1990).

We have weighed the gravity of the predicate crimes and conclude that, because of the seriousness of defendant's crimes, a life sentence is warranted. *See People v. Austin*, 799 P.2d 408 (Colo. App.1990).

*People v. Juarez*, No. 89CA1596, slip op. at 8 (Colo.App. Dec. 19, 1991).

We granted certiorari in *Juarez* to determine "whether the court of appeals erred in subjecting petitioner's life sentence to an abbreviated proportionality review." [7] Based upon previous decisions by this court, we conclude that the court of appeals was correct in conducting an abbreviated, rather than an extended, form of proportionality review in the present case. *See People v. Cisneros*, No. 91SC467, and *People v. Ates*, No. 92SC71 (Colo. July 6, 1993); *People v. Gaskins*, 825 P.2d 30 (Colo.1992); *Alvarez v. People*, 797 P.2d 37

---

an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life.
§ 16–13–101(2), 8A C.R.S. (1986).

4. As initially filed, the habitual criminal charge originally alleged a fourth prior conviction in 1982 for criminal attempt to commit second-degree burglary. The trial court dismissed this allegation.

5. §§ 18–2–101(1), 18–4–203(2)(a), 8B C.R.S. (1986).

6. Juarez was forty-eight years old at the time of sentencing. According to the Colorado mortality table, Juarez had a life expectancy of 29.8 years. *See* § 13–25–103, 6A C.R.S. (1987).

7. On appeal, Juarez also asserted that he was entitled to a new trial on the basis of jury misconduct. The court of appeals remanded the case to the trial court for a hearing to determine the facts surrounding Juarez' allegations of jury misconduct. The court of appeals further stated: "If the trial court finds there was juror misconduct that may have affected the verdict reached, then a new trial shall be granted. Otherwise, the judgment of conviction and the sentence imposed shall stand." *People v. Juarez*, No. 89CA1596, slip op. at 8 (Colo.App. Dec. 19, 1991). That issue is not before this court.

(Colo.1990); *People v. Drake*, 785 P.2d 1257 (Colo.1990); *People v. Hernandez*, 686 P.2d 1325 (Colo.1984). We further conclude that Juarez' sentence to life imprisonment pursuant to section 16–13–101(2), 8A C.R.S. (1986), is not disproportionate under the Eighth Amendment.

## II.

■ In *Gaskins*, we held that an appellate court may conduct a proportionality review under the following circumstances:

> In the absence of a need for a refined analysis inquiring into the details of the specific offenses or a detailed comparison of sentences imposed for other crimes in this or other jurisdictions, an appellate court is as well positioned as a trial court to conduct a proportionality review. In such circumstances, there is no need or justification for remand.

*Gaskins*, 825 P.2d at 37–38; *see Cisneros*, No. 91SC467, and *Ates*, No. 92SC71, slip op. at 17–18 (quoting *Gaskins*, 825 P.2d at 37–38).

We also held in *Gaskins* that "[t]he rule to be gleaned from *Alvarez, Drake*, and *Hernandez* is that only an abbreviated review is necessary when the crimes supporting a habitual criminal sentence include grave or serious offenses and when the defendant will become eligible for parole, albeit not for forty years." *Gaskins*, 825 P.2d at 36; *see Alvarez*, 797 P.2d at 40–41; *Drake*, 785 P.2d at 1275; *Hernandez*, 686 P.2d at 1330.

In *Cisneros* and *Ates*, we held that a defendant is not entitled to an extended proportionality review simply because the defendant's life expectancy does not exceed the forty-year period of parole ineligibility. *Cisneros*, No. 91SC467, and *Ates*, No. 92SC71, slip op. at 16.

In defining the requirements of an abbreviated proportionality review, we held in *Gaskins*:

> The abbreviated review itself simply consists of a scrutiny of the offenses in question to determine whether in combination they are so lacking in gravity or seriousness as to suggest that a life sentence is constitutionally disproportionate

to the crime, taking into account the defendant's eligibility for parole. *Gaskins*, 825 P.2d at 36; *see Cisneros*, No. 91SC467, and *Ates*, No. 92SC71, slip op. at 16 (quoting *Gaskins*, 825 P.2d at 36). We have also established that the offenses of burglary, attempted burglary, and conspiracy to commit burglary constitute grave offenses for the purpose of conducting a proportionality review. *Cisneros*, No. 91SC467, and *Ates*, No. 92SC71, slip op. at 20; *Gaskins*, 825 P.2d at 37; *Alvarez*, 797 P.2d at 42; *Hernandez*, 686 P.2d at 1330.

■ Accordingly, we conclude that the court of appeals was as well positioned as the trial court to conduct a proportionality review in the present action, and that the court of appeals did not err in conducting an abbreviated form of review. Furthermore, after considering the number and severity of the relevant offenses in combination, compared to the harshness of the sentence, we find that the court of appeals did not err in concluding that Juarez' sentence to life imprisonment with no possibility of parole for forty years does not constitute cruel and unusual punishment under the Eighth Amendment.

## III.

The judgment of the court of appeals is affirmed.

KIRSHBAUM, J., specially concurs in the result, and LOHR and MULLARKEY, JJ., join in the special concurrence.

Justice KIRSHBAUM specially concurring in the result.

For the reasons set forth in my special concurrence in *People v. Cisneros*, No. 91SC467 (Colo. July 6, 1993), and my dissent in *People v. Ates*, No. 92SC71 (Colo. July 6, 1993), I specially concur in the result reached by the majority in this case.

I am authorized to state that Justice LOHR and Justice MULLARKEY join in this special concurrence.