**Robby VALENZUELA, Petitioner/Cross–Respondent,**

v.

**The PEOPLE of the State of Colorado, Respondent/Cross–Petitioner.**

No. 91SC526.

Supreme Court of Colorado,
En Banc.

July 19, 1993.

Rehearing Denied Aug. 23, 1993.

David F. Vela, Colorado State Public Defender, Robert B. Holt, Sp. Deputy Public

Defender, Denver, for petitioner/cross-respondent.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., A. William Bonner, Asst. Atty. Gen., Appellate Section Denver, for respondent/cross-petitioner.

Justice VOLLACK delivered the Opinion of the Court.

Petitioner Robby Jack Valenzuela (Valenzuela) petitions for certiorari to review the decision of the court of appeals in *People v. Valenzuela*, 825 P.2d 1015 (Colo.App.1991), wherein the court of appeals considered Valenzuela's age [1] in determining that an abbreviated form of proportionality review was appropriate. After conducting such a review, the court of appeals concluded that Valenzuela's sentence to life imprisonment with no possibility of parole for forty years [2] for committing the crime of first-degree murder does not violate the Eighth Amendment to the United States Constitution. We reject the court of appeals' conclusion that age is a relevant consideration in conducting a proportionality review, but we agree with the court of appeals findings that an abbreviated review is appropriate in this case, and that Valenzuela's sentence does not violate the Eighth Amendment.

I.

On the evening of December 9, 1988, Valenzuela, his friend Angelo Davy Martinez (the victim),[3] and their respective girlfriends planned to spend the evening together in Valenzuela's apartment. Valenzuela and the victim paid two unknown men to purchase two twelve-packs of beer and a bottle of rum for them from a local liquor store. The four teenagers then returned to Valenzuela's apartment with the alcohol and proceeded to play a drinking game for the next two to three hours.

Valenzuela and Martinez each drank approximately four to five cans of beer and an unspecified amount of rum.

Between 1:00 and 2:00 a.m., Valenzuela walked with his girlfriend to the bus stop. When Valenzuela returned, he told the victim that he "was going to fight some guys at the bus stop." At approximately 2:00 a.m., the victim's girlfriend stated that she needed to go home, and telephoned her mother to pick her up at Valenzuela's apartment. The victim's girlfriend then went into the bathroom, and when she returned, Valenzuela was becoming angry. As the victim and his girlfriend walked outside of the apartment to the balcony to wait for the victim's girlfriend's mother to arrive, Valenzuela said to the victim: "Yeah, go ahead and leave, get out of here, you and your lady, just book."

Valenzuela then swore at the victim and, referring to the victim's prior incarceration at the Fort Logan Mental Hospital, Valenzuela told the victim, "You should go back. That's where you belong." Valenzuela also yelled at the victim, "Yeah, tell [your girlfriend] that you used to write [to] my lady." Valenzuela proceeded to taunt the victim.

Valenzuela and the victim began fighting on the balcony, and then continued fighting inside of the apartment. After a few minutes, Valenzuela and the victim went outside, and Valenzuela told the victim to leave. The victim then walked down the stairs with his girlfriend. Valenzuela went back into the apartment and returned with a small kitchen knife in his hand. Valenzuela approached the victim and told him, "I should just kill you. I'll kill you." The victim responded, "What are you going to do? Are you going to stab me?" The victim then raised his arms to the side and stated, "Go ahead. Go for it, dude." Valenzuela then stabbed the victim in the left side of his chest.

---

**1.** Valenzuela was seventeen years old at the time of the offense.

**2.** Valenzuela was convicted of first-degree murder, § 18–3–102, 8B C.R.S. (1986), a class 1

felony, and sentenced pursuant to § 16–11–103, 8A C.R.S. (1986).

**3.** The victim was sixteen years old at the time of the offense.

Valenzuela then ran back upstairs into his apartment and slammed the door. The victim tried to chase Valenzuela up the stairs, and kicked the door several times before collapsing in front of the door. The victim died on arrival at the hospital.

On December 10, 1988, Valenzuela was arrested. On December 14, 1988, Valenzuela was charged by information with one count of murder in the first degree, a class 1 felony, § 18–3–102, 8B C.R.S. (1986), and with one count of crime of violence by use of a deadly weapon, § 16–11–309, 8A C.R.S. (1986).

Valenzuela was tried as an adult, and on April 14, 1989, a jury found him guilty of first-degree murder. The district court sentenced Valenzuela on June 9, 1989, to life imprisonment with no possibility of parole for forty years.

On appeal, Valenzuela argued that "[t]he sentence of life i[m]prisonment with no possibility of parole for forty years mandated by section 16–11–103, C.R.S. constitutes imposition of an unconstitutionally disproportionate sentence when applied to a juvenile offender under eighteen years of age." Section 16–11–103 provides in relevant part:

> Upon conviction of guilt of a defendant of a class 1 felony, the trial court shall conduct a separate sentencing hearing to determine whether the defendant should be sentenced to death or life imprisonment, *unless the defendant was under the age of eighteen years at the time of the commission of the offense, in which case the defendant shall be sentenced to life imprisonment.*

§ 16–11–103(1)(a), 8A C.R.S. (1986) (emphasis added).

The court of appeals interpreted the United States Supreme Court's holding in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (holding that the Eighth Amendment prohibits sentences which are disproportionate to the crime committed), to suggest that, "whenever a defendant claims a sentence violates the cruel and unusual punishment clause of the Eighth Amendment, he is entitled to a pro-portionality review of that sentence." *Valenzuela,* 825 P.2d at 1017. In determining whether Valenzuela was entitled to an abbreviated or extended proportionality review of his sentence, the court of appeals concluded that,

> if a defendant in a criminal case is under the age of 18 at the time he commits an offense and he receives a life sentence therefor, then his age should be considered, along with other factors (i.e., violence of the offense, the gravity of the conviction, the possibility of parole), in determining the nature and the extent of the proportionality review to be given to his sentence.

*Id.* The court of appeals further found that,

> for juveniles age 16 or 17, only limited consideration of the minor's age need be given in determining if a limited or extended proportionality review of a life sentence is necessary. Hence, since the defendant here was age 17 at the time of the crime, since he was the perpetrator of an extraordinarily violent offense, and since there is a realistic possibility of parole from his life sentence, we determine that an extended proportionality review is not required.

*Id.* at 1017–18. In conducting an abbreviated proportionality review of Valenzuela's sentence, the court of appeals held that "the violence of the offense, the gravity of the conviction, the defendant's age, and the realistic possibility of parole within the defendant's lifetime are all factors which lead us to conclude that the sentence does not violate the Eighth Amendment." *Id.* at 1018.

We granted certiorari in *Valenzuela* to resolve three related issues:

> Whether the court of appeals erred in holding that a juvenile, convicted as an adult of a class 1 felony, is entitled to a proportionality review of his mandatory sentence to life imprisonment.

> Whether the court of appeals erred in holding that the age of a juvenile offender should be considered in determining whether an abbreviated or an extended proportionality review is required.

Whether the automatic sentencing provisions mandated by § 16–11–103, 8A C.R.S. (1986), constitute an unconstitutionally disproportionate sentence when applied to a juvenile offender under eighteen years of age.[4]

Based upon previous decisions by the United States Supreme Court and this court, we conclude that the court of appeals was correct in conducting an abbreviated, rather than remanding for an extended, proportionality review. *See Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001; *People v. Cisneros* and *People v. Ates,* 855 P.2d 822 (Colo.1993); *People v. Juarez,* 855 P.2d 818 (Colo.1993); *People v. Smith,* 848 P.2d 365 (Colo.1993); *People v. Gaskins,* 825 P.2d 30 (Colo.1992); *Alvarez v. People,* 797 P.2d 37 (Colo.1990); *People v. Drake,* 785 P.2d 1257 (Colo.1990); *People v. Hernandez,* 686 P.2d 1325 (Colo.1984). We further conclude that the court of appeals was correct in finding that Valenzuela's mandatory sentence to life imprisonment with no possibility of parole for forty years for committing first-degree murder is not an unconstitutionally disproportionate sentence when applied to a juvenile offender under eighteen years of age. Accordingly, we affirm the judgment of the court of appeals, but we reject the court of appeals' conclusion that age is a relevant consideration in conducting a proportionality review.

## II.

In addressing the three related issues before us, we first consider whether Valenzuela was entitled to a proportionality review of his sentence; second, we determine the appropriate scope of such a review, and finally, we decide whether Valenzuela's sentence was disproportionate in violation of the Eighth Amendment.

## A.

The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme court interpreted the Cruel and Unusual Punishments Clause of the Eighth Amendment to require that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.* at 290, 103 S.Ct. at 3009. *Solem,* a habitual offender case, established a three-part test for analyzing whether a sentence is disproportionate:

> When sentences are reviewed under the Eighth Amendment, courts should be guided by objective factors that our cases have recognized. First, we look to the gravity of the offense and the harshness of the penalty....

> Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction....

> Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.

*Id.* at 290–92, 103 S.Ct. at 3009–3011.

In *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United States Supreme Court again considered whether the Eighth Amendment contains a proportionality principle. *Harmelin* differed from *Solem* in that it involved an Eighth Amendment challenge to a statutorily mandated sentence in a non-habitual offender case. The justices disagreed as to what type of proportionality review, if any, was required in such a case. In his concurrence, Justice Kennedy was joined by Justice O'Connor and Justice Souter in concluding that the Eighth Amendment contains a narrow proportionality principle, *id.* at ——, 111 S.Ct. at 2702, and that the scope of this proportionality principle is limited by such factors as the primacy of the legislature in determining the types and limits of punishments for crimes. *Id.*

---

**4.** We denied certiorari with respect to the issue of "[w]hether the court of appeals erred in holding that ... sufficient evidence was introduced at trial to establish beyond a reasonable doubt that Valenzuela acted with the requisite intent to commit first-degree murder."

at ——, 111 S.Ct. at 2703–04. In conducting the required proportionality review, Justice Kennedy applied only the first factor of the *Solem* test: a comparison of the gravity of the offense and the harshness of the penalty. *Id.* at ——, 111 S.Ct. at 2705.

In *People v. Smith*, 848 P.2d 365 (Colo. 1993), a non-habitual offender case, we concluded that an abbreviated proportionality review was required where the twenty-year-old defendant challenged his mandatory sentence to life imprisonment with no possibility of parole for forty years for committing the crime of first-degree murder. *Smith*, 848 P.2d at 374. We held in *Smith:* "In the present action, which, like *Harmelin*, involves a mandatory sentence imposed in a non-habitual case, we conclude that the appropriate review of proportionality is a comparison of the gravity of the offense and the harshness of the penalty." *Id.*

Prior to *Smith*, this court held, in a long line of cases, that a proportionality review in an abbreviated form is required where a defendant challenges the constitutionality of a sentence imposed under the Colorado habitual criminal statute. *See People v. Gaskins*, 825 P.2d 30 (Colo.1992); *Alvarez v. People*, 797 P.2d 37 (Colo.1990); *People v. Drake*, 785 P.2d 1257 (Colo.1990); *People v. Hernandez*, 686 P.2d 1325 (Colo. 1984); *see also People v. Cisneros* and *People v. Ates*, 855 P.2d 822 (Colo.1993) (post-*Smith* habitual offender cases holding that proportionality review was required where defendant challenged mandatory life sentence pursuant to the habitual offender statute); *People v. Juarez*, 855 P.2d 818 (Colo.1993) (post-*Smith* habitual offender case holding that proportionality review was required where defendant challenged mandatory life sentence pursuant to the habitual offender statute).

■ In *Valenzuela*, as in *Smith*, the defendant is challenging the constitutionality of his sentence to life imprisonment with no possibility for parole for forty calendar years under section 16–11–103 for committing the crime of first-degree murder. As in *Smith*, we find that Valenzuela is entitled to some form of proportionality review

of that sentence. *See Smith*, 848 P.2d at 374–75.

B.

We next consider the appropriate scope of the required proportionality review, and whether the court of appeals erred in holding that the age of a juvenile offender should be considered in determining whether an abbreviated or an extended proportionality review is required.

This court has held in a series of cases that an abbreviated form of proportionality review, consisting of a comparison of the gravity of the offense and the harshness of the penalty, is required when a defendant, in either a habitual or a non-habitual offender case, challenges the constitutionality of a life sentence. *Cisneros* and *Ates*, 855 P.2d 822, 826–27; *see Juarez*, 855 P.2d 818; *Smith*, 848 P.2d 365; *Gaskins*, 825 P.2d 30; *Alvarez*, 797 P.2d 37; *Drake*, 785 P.2d 1257; *Hernandez*, 686 P.2d 1325.

■ We have also held that a defendant's age is not a relevant consideration in determining the scope of proportionality review required. *See Cisneros* and *Ates*, 855 P.2d 822, 828 (finding that Cisneros and Ates were not entitled to an extended proportionality review simply because their respective life expectancies did not exceed the forty-year period of parole ineligibility); *Juarez*, 855 P.2d 818 (holding that Juarez was not entitled to an extended proportionality review by virtue of his age).

In the present case, the court of appeals held that,

if a defendant in a criminal case is under the age of 18 at the time he commits an offense and he receives a life sentence therefor, then his age should be considered, along with other factors (i.e., violence of the offense, the gravity of the conviction, the possibility of parole), in determining the nature and the extent of the proportionality review to be given to his sentence.

*Valenzuela*, 825 P.2d at 1017. The court of appeals holding conflicts with our recent holdings in *Cisneros, Ates,* and *Juarez* that

age is not a relevant factor in determining the scope of proportionality review, and with our holding in *Smith*, that age is not a relevant factor in conducting such a review. The court of appeals was correct, however, in determining that only an abbreviated review is required in the present case, and that the gravity of the offense, the harshness of the penalty, and the possibility of parole are all relevant factors in conducting such a review. Accordingly, we hold that the court of appeals properly determined that an abbreviated form of proportionality review is appropriate in the present action, but that the court of appeals should not have considered the defendant's age in deciding whether to conduct an abbreviated or an extended proportionality review.

### C.

After determining that Valenzuela is entitled to an abbreviated proportionality review of his mandatory life sentence, we next determine whether the automatic sentencing provisions mandated by section 16–11–103 constitute an unconstitutionally disproportionate sentence when applied to a juvenile offender under eighteen years of age.

In *Smith*, 848 P.2d at 374–75, we held that Donald Eugene Smith's sentence to life imprisonment with no possibility of parole for forty years, *see* § 16–11–103, 8A C.R.S. (1986 & 1989 Supp.), for committing the crime of first-degree murder, was not disproportionate when applied to a twenty-year-old defendant, and did not violate the Eighth Amendment's prohibition against cruel and unusual punishments.

In *Cisneros* and *Ates*, 855 P.2d 822, 826, we further held that, "[b]ased upon previous decisions by this court and by the United States Supreme Court, we conclude that mitigating factors, such as the defendant's age, are irrelevant in determining whether a punishment is proportionate to the crime under the Eighth Amendment." *See Harmelin*, ––– U.S. –––, 111 S.Ct. 2680; *Solem*, 463 U.S. 277, 103 S.Ct. 3001; *Juarez*, 855 P.2d 818; *Smith*, 848 P.2d 365; *Gaskins*, 825 P.2d 30; *Alvarez*, 797 P.2d 37; *Drake*, 785 P.2d 1257; *Hernandez*, 686 P.2d 1325.

The present action is most like *Smith* in that it concerns a young offender challenging the constitutionality of a mandatory sentence to life imprisonment for committing the crime of first-degree murder, a class 1 felony. The only distinction between these two cases is that Valenzuela was seventeen years old when he committed first-degree murder, while Smith was twenty years old when he committed the same crime. The court of appeals reasoned that such an age difference is a relevant consideration in conducting a proportionality review. We disagree. We have already determined that a defendant's age is not a relevant consideration in conducting a proportionality review. *Cisneros* and *Ates*, 855 P.2d 822, 826; *Juarez*, 855 P.2d 818, 821; *Smith*, 848 P.2d at 374–75.

Valenzuela was convicted of first-degree murder, "a crime of the utmost gravity." *See Smith*, 848 P.2d at 374. Section 16–11–103 provides that the death penalty is not an option for a defendant under the age of eighteen years at the time of the offense, and that such juvenile offenders who commit a class 1 felony *"shall be sentenced to life imprisonment."* § 16–11–103, 8A C.R.S. (1986) (emphasis added). We therefore agree with the court of appeals' conclusion that Valenzuela's sentence to life imprisonment with no possibility of parole for forty years for committing the crime of first-degree murder is not disproportionate in violation of the Eighth Amendment, but we disapprove of the court of appeals' considering Valenzuela's age in reaching this decision.

### III.

The judgment of the court of appeals is affirmed.

KIRSHBAUM, J., specially concurs in the result, and LOHR and MULLARKEY, JJ., join in the special concurrence.

Justice KIRSHBAUM specially concurring in the result.

I concur in the majority's conclusion that the court of appeals properly conducted an

abbreviated proportionality review of the sentence of life imprisonment with no possibility of parole for forty years imposed upon the petitioner, Robby Valenzuela, for the offense of first degree murder. I also concur in the majority's conclusion that the court of appeals properly determined, on the basis of such abbreviated proportionality review, that the sentence did not violate the prohibition against cruel and unusual punishments contained in the Eighth Amendment to the United States Constitution. I write separately, however, to again record my strong disagreement with the principle adopted for the first time by a majority of this court in the combined cases of *People v. Cisneros* and *People v. Ates,* 855 P.2d 822 (Colo.1993), that a defendant's age is constitutionally irrelevant for purposes of cruel and unusual punishments analysis.

In my special concurrence and dissent to those opinions, *see People v. Cisneros* and *People v. Ates* (Kirshbaum, J., concurring and dissenting), I indicated, with the historical and jurisprudential bases for my conclusions, that age is a relevant factor in Eighth Amendment proportionality analysis under the rationale of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), as interpreted by this court in *People v. Gaskins,* 825 P.2d 30 (Colo.1992); that the United States Supreme Court's conclusion in part V of *Harmelin v. Michigan,* —— U.S. ——, ——, 111 S.Ct. 2680, 2701–02, 115 L.Ed.2d 836 (1991), that the individualized sentencing doctrine developed in capital cases is not applicable in non-capital cases does not answer the question of whether a defendant's age may be considered by a court conducting a proportionality review; and that this court's prior decisions, including our recent decision in *People v. Smith,* 848 P.2d 365 (Colo.1993), do not require a contrary result. I adhere to those views, but see no useful purpose in reiterating the bases for those conclusions here.

What may be useful here is to reemphasize my view that in addition to representing a departure from principles enunciated by this court, the United States Supreme

Court, and other state courts, the majority's narrow view of the scope of the Eighth Amendment's proportionality principle in all probability forecloses meaningful proportionality review in circumstances wherein it may be most essential. As the majority accurately but inconsistently observes, Valenzuela was a seventeen-year-old juvenile at the time he committed first degree murder. Had he been thirteen or twelve, the majority concludes that such fact may not be considered by any Colorado court conducting a constitutionally required Eighth Amendment proportionality review unless he were sentenced to death. I find no support in history or precedent for so severe a conclusion. *See Naovarath v. State,* 105 Nev. 525, 779 P.2d 944 (1989).

I conclude that the court of appeals did not abuse its discretion in determining that an abbreviated proportionality review was sufficient in this case, that it did not err in considering Valenzuela's age in comparing the harshness of the sentence to the gravity of the offense, and that it correctly concluded that the sentence does not violate the Eighth Amendment to the United States Constitution. For those reasons, I specially concur in the result reached by the majority.

I am authorized to state that Justice LOHR and Justice MULLARKEY join in this special concurrence.