The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Deborah Jean MORINO,
Defendant-Appellant.

No. 85CA1470.

Colorado Court of Appeals,
Div. III.

May 7, 1987.

Rehearing Denied June 4, 1987.

Certiorari Denied (Morino) Sept. 8, 1987.

**50**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Karen A. Chaney, Sp. Deputy Public Defender, Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant appeals from the judgment of conviction of second degree forgery and conspiracy to commit the same. She claims that the trial court committed reversible error by failing to undertake a statutory competency determination and by refusing to impose certain discovery sanctions upon the prosecution. We affirm the judgment.

On the second morning of a two-day trial, defendant appeared late and explained her tardiness by stating that she had had problems obtaining medicine from the methadone clinic. Defense counsel then stated that he was not sure defendant was "competent to proceed" and moved for a continuance so that defendant could be examined by a physician. He explained that defendant was in a methadone treatment program and that her methadone dosage had been rapidly reduced within the previous two weeks. It was his "feeling," he said, that defendant was not in "any kind of physical ... or mental condition to proceed."

In response to the prosecution's objection that defense counsel had known about defendant's methadone treatment for several weeks but had raised no question respecting her competency prior to the commencement of trial, it was represented to the trial court that, while the problem had started the previous week, it had continued to develop during the trial. Counsel said that, as a "lay person," he had "some questions" and would like "some reassurance" upon the issue.

At this point, defendant herself interrupted the argument and, through counsel, specifically stated that she wanted to proceed with trial. Nevertheless, her counsel continued to object to proceeding further.

The trial court itself then questioned defendant, inquiring whether she understood what was happening and that she was on trial, and soliciting her wishes in the matter. After considering defendant's responses to its questions and her personal assurance that she understood the proceedings and wanted to continue the trial, the trial court continued with the trial without requiring further examination of defendant.

I.

Defendant's first claim is that the trial court's failure to follow the statutory procedures for determining competency set out at § 16-8-111, C.R.S. (1986 Repl.Vol. 8A), violated both that statute and constitutional due process requirements. We conclude, however, that no legitimate issue respecting defendant's competency was raised here; thus, it was not necessary for the trial court to initiate the statutory proceedings referred to.

■ The need to protect an accused from proceeding to trial while he is incompetent dictates that, once a "sufficient doubt" of competency has been raised, a court must observe procedures adequate to determine that question properly. Failure to do so violates due process requirements. *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Jones v. District Court,* 617 P.2d 803 (Colo.1980).

However, no definitive constitutional standard with respect to the "nature or quantum of evidence necessary to require resort to an adequate procedure" for determining competency has yet been promulgated. *Drope v. Missouri, supra.* Nevertheless, it is clear that constitutionally adequate standards are provided by statutes that require a competency hearing whenever evidence is presented which raises a "bona fide doubt" respecting the accused's competency. *Drope v. Missouri, supra; Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

■ At the same time, it has been recognized that due process does not require courts to "accept without questioning a lawyer's representations concerning the competence of his client." *Drope v. Missouri, supra.* It is only when those representations, either alone or in conjunction with other evidence, raise a substantial issue of a defendant's competence that a court violates due process if it proceeds without determining the issue.

Section 16–8–110(2)(a), C.R.S. (1986 Repl. Vol. 8A), requires a judge to "suspend" any criminal proceeding whenever he "has reason to believe that the defendant is incompetent." The issue may be raised either by the prosecution or by the defense prior to the commencement of any proceeding, and may be raised after the commencement of such a proceeding, if it is demonstrated that the defendant's mental condition was not previously known or apparent. Section 16–8–110(2)(b), C.R.S. (1986 Repl.Vol. 8A).

■ If "the question of a defendant's incompetency to proceed is raised," the court must either make a preliminary finding and notify the parties of the time within which to request a hearing upon such preliminary finding, or order a competency examination. Section 16–8–111, C.R.S. (1986 Repl.Vol. 8A); *See Jones v. District Court, supra; People v. Matthews,* 662 P.2d 1108 (Colo.App.1983). Thus, if a defendant properly raises the question of his competency, the court must follow the appropriate statutory procedures, even if a particular proceeding has commenced. *See People v. Arkadie,* 692 P.2d 1145 (Colo. App.1984) (competency hearing requested on morning trial was scheduled to commence).

This case, however, raises the question, not hitherto directly passed upon, of the nature of the showing necessary to "raise the issue" of a defendant's competency after trial has commenced so that the pertinent statutory procedures become applicable.

Section 16–8–110(2)(a) requires a suspension of proceedings only in those instances in which the judge "has reason to believe" that the defendant is incompetent. From a constitutional standpoint, a studied hearing upon the issue is required whenever the trial court entertains a "bona fide doubt" of the defendant's competency. *See Pate v. Robinson, supra;* ABA, *Standards for Criminal Justice,* Standard 7–4.7 (1982). And, this latter standard has been applied under the Colorado statute. *See Jones v. District Court, supra.*

■ A defendant is competent to stand trial if he is capable of understanding the nature and course of the proceedings against him and of participating and assisting in his defense and cooperating with his defense counsel. Section 16–8–102(3), C.R.S. (1986 Repl.Vol. 8A). He must have a sufficient present ability to consult with his counsel with a reasonable degree of rational understanding, and a present rational and factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). *See* ABA, *supra,* Standard 7–4.1.

■ However, there is an initial presumption of competency and no defendant is entitled, as of right, to a competency

examination or hearing merely by making a demand therefor, particularly if that demand is made only after the trial has commenced. The trial judge who, under such circumstances, has had the opportunity of observing defendant, his actions and general demeanor, has substantial discretion in determining whether an issue respecting his competency has been raised. *See Maggio v. Fulford,* 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983) (trial judge's observations of defendant sufficient basis to reject statements from psychiatrist, in support of defendant's 11th hour request for competency examination); *People v. Balfour,* 148 Ill.App.3d 215, 101 Ill.Dec. 223, 498 N.E.2d 547 (1986) (matters which might raise bona fide doubt, in the absence of the trial court's observation of defendant at trial, may be insufficient to do so after the court has had opportunity to observe him); *State v. Lloyd,* 199 Conn. 359, 507 A.2d 992 (1986) (defendant, who failed to make specific factual allegations respecting his competency at the time of his sentencing hearing, failed to raise reasonable doubt upon issue); *Brown v. State,* 485 N.E.2d 108 (Ind.1985) (trial court, who observed defendant's demeanor on the witness stand, did not abuse its discretion in determining that counsel's assertions failed to raise bona fide doubt as to his competency); *United States v. Follette,* 367 F.2d 559 (2d. Cir.1966).

■ In seeking a competency determination on the second day of trial, counsel did not affirmatively aver that defendant was incompetent within the meaning of the statute. That is, he did not assert that defendant did not understand the nature of the proceedings or that she was unable to cooperate in her own defense, but rather noted only his "feeling" as a lay person that defendant was not in a mental condition to proceed. There was no assertion that defendant was suffering methadone withdrawal symptoms, nor any description of the manner in which such symptoms might affect her competency.

It is true, as defendant asserts on appeal, that methadone withdrawal is listed as an opioid organic mental disorder in American Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* (3d ed. 1980). However, it is not described as a disorder causing any psychological, neurological, or maladaptive behavioral affects—a fact which distinguishes it from other organic mental disorders which might, by their characteristic symptoms alone, raise questions of legal incompetency.

■ When a condition asserted to affect competency does not in itself create a reason to presume mental incompetency, counsel must provide more grounds to support a motion for continuance, made in the middle of trial, than the name of a suspected condition and his need for reassurance. *See State v. Lloyd, supra. Cf. Jones v. District Court, supra* (counsel averred client could be suffering from Ganser syndrome—a disorder that results in failure to answer even simple questions correctly).

We recognize that counsel's representations deserve serious consideration by the trial court. *See Jones v. District Court, supra.* They cannot, however, assume an importance not merited by their content, particularly in those situations in which the trial court has had an opportunity to make its own observations.

Here, the trial court, like defense counsel, had had an opportunity to observe defendant during the course of the first day of trial. That court obviously noted, as even the bare record shows, that defendant well understood the issue being addressed by her counsel and, without any prompting, advised the court of her objections to the course being taken by him. Moreover, her responses to the trial court's questions were rational and in context.

While the trial court made no specific finding that defendant had failed adequately to raise the issue of her competency or that there was no bona fide doubt thereof, the record demonstrates that the trial court denied defense counsel's motion for this reason. Under the circumstances portrayed here, we conclude the court neither abused its discretion nor violated defendant's constitutional or statutory rights in reaching this conclusion.

## II.

Defendant also claims that the prosecution's failure to disclose that one of its witnesses had been paid a reward by the Crime Stoppers program required that the trial court declare a mistrial. We disagree.

Shortly prior to trial, defendant made a discovery request which arguably encompassed information relating to any Crime Stoppers' reward. The prosecution did not provide defendant with such information and, in response to one discovery request, indicated that no plea agreements had been made with any of its witnesses, nor any offers of immunity given to them.

During trial, testimony from a police detective established that information concerning the alleged forgery had first been received through the Crime Stoppers program, and that one of the prosecution's witnesses had eventually been paid a reward for her information. At that point, defendant requested dismissal of the charges or a mistrial, based on the prosecution's failure to supply information about this reward. She did not allege that such refusal was willful and conceded that it was the result of a dispute over the breadth of the language of the discovery request.

The court refused to grant such sanctions, but recessed the trial in order for the police detective to determine the amount that had been paid to the witness. The court pointed out that the only use which could be made of such information was to impeach the witness' credibility, and that providing the jury with information about the fact and amount of the reward would alleviate any detriment which might otherwise result to defendant. While the witness was available for recall, defendant completed the cross-examination of the detective and asked about the amount of the reward, but did not recall the witness for any further questioning.

Discovery sanctions are left to the sound discretion of the trial court, and its decisions regarding sanctions will not be reversed on appeal, unless a party shows an abuse of discretion and demonstrates its prejudicial effect. *People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973). Here, the only prejudice claimed by defendant is that her defense counsel was precluded "from exercis[ing] his professional judgment and skills as an advocate and preparing for cross-examination." However, the mere fact that counsel was surprised by the information, or may have been entitled to discover it prior to trial, does not mean that defendant suffered any real prejudice.

The jury was apprised of the fact and amount of the reward, and was able to draw any conclusion arising from that fact that was warranted. Defendant has not indicated how earlier knowledge of the reward would have allowed presentation of such evidence in a manner which could have had a different impact upon the jury's assessment of the issue.

The judgment of conviction is affirmed.

VAN CISE and STERNBERG, JJ., concur.