The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Norman Joe ST. JOHN, Defendant–
Appellant.

No. 95CA1713.

Colorado Court of Appeals,
Div. I.

Sept. 26, 1996.

Rehearing Denied Oct. 31, 1996.

Certiorari Denied April 14, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Kim L. Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Nora V. Kelly, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Norman Joe St. John, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

In 1985, defendant pled guilty to first degree sexual assault and menacing. He was sentenced to 16 years and 4 years, respectively, with the sentences to run consecutively, plus one year of parole. On appeal, defendant's sentence was affirmed, but the order of parole was vacated. *People v. St. John,* (Colo.App. No. 85CA1575, April 16, 1987) (not selected for official publication).

In 1994, defendant filed this Crim. P. 35(c) motion alleging that he had been denied equal protection of the laws and that his guilty plea was not knowing and voluntary. After submission of briefs, the trial court denied defendant's motion.

## I.

■ The People argue that defendant's Crim. P. 35(c) motion is time barred pursuant to § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). Further, they assert that defendant has failed to establish justifiable excuse or excusable neglect for his untimely filing. Relying on *People v. Shackelford,* 851 P.2d 218 (Colo.App.1992), defendant contends that the People have waived the time bar because they did not raise it in the trial court. We agree with defendant.

In *People v. Shackelford, supra,* a division of this court addressed the issue whether a timely attack on a prior conviction was a jurisdictional prerequisite to judicial review of a defendant's contentions. The division concluded that the failure to attack a conviction in a timely manner does not implicate the jurisdiction of the courts to resolve a defendant's contentions.

■ Further, nothing in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993), is inconsistent with that conclusion. That opinion is replete with references to the statute's "time limitations" and "time bars," as well as references to similar statutes of other states as "statutes of limitations." While that opinion, in dictum, seems to suggest that a defendant must allege the existence of a justifiable excuse or excusable neglect in the Crim. P. 35(c) motion itself, that comment, read in context, must be understood simply as emphasizing that, in order to obtain a hearing upon this issue (if raised), the defendant must allege some basis upon which the existence of such factors may be founded. That comment, contained in a footnote, *People v. Wiedemer, supra* (fn.15), cannot be taken as a determination that the failure to allege the existence of these factors in the motion robs the court of subject matter jurisdiction to rule upon the merits of the motion. *See People v. Lanford,* 867 P.2d 50 (Colo.App. 1993) (decided after *Wiedemer*).

We will, therefore, address the merits of defendant's contentions.

## II.

Defendant first contends that his guilty plea was not voluntary and knowing because it was entered based upon representations that there would be mandatory parole after serving one-half of the sentence. We disagree.

On facts more compelling than those present here, this issue has been decided adversely to defendant's contention in *People v. Wilbur,* 890 P.2d 113 (Colo.1995). There, the trial court specifically advised the defendant that the parole board would likely grant him parole after he served 9 of the 18 years, or one half, of his sentence. However, the deci-

sion in *Thiret v. Kautzky,* 792 P.2d 801 (Colo. 1990) was handed down before the defendant reached the halfway point of his sentence. Defendant then filed a Crim. P. 35(c) motion, seeking specific enforcement of his understanding that his sentence would be one-half of the term of his plea bargain.

The supreme court held that the trial court's advisement of the parole board's policy at the time of sentencing did not cause defendant's plea to be involuntarily made, nor did the advisement constitute an enforceable expectation or promise regarding his release date. *People v. Wilbur, supra.*

In this case, neither the People nor the trial court represented to the defendant that he would be released on parole at any particular time. In addition, neither the trial court nor the prosecutor referred to the parole board's early-release policy. Indeed, the sentencing court stated that, because of the aggravated nature of the crime, had it been possible, it would have sentenced defendant to a longer term of confinement.

Thus, the supreme court's decision in *Wilbur* is controlling, and we reject defendant's argument upon this issue. *See People v. Lustgarden,* 914 P.2d 488 (Colo.App.1995) (finding *Wilbur* controlling on similar facts).

### III.

We note that, in his opening brief, defendant asserted that he had been denied equal protection of the law by being treated more harshly than similarly situated offenders not convicted of sexual assault. However, as defendant concedes in his reply brief, this contention was rejected in *People v. Black,* 915 P.2d 1257 (Colo.1996), and that ruling is dispositive of the issue here.

The order is affirmed.

METZGER and JONES, JJ., concur.