The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James R. KILGORE, Defendant–Appellant.

No. 98CA0949.

Colorado Court of Appeals, Div. A.

July 22, 1999.

Rehearing Denied Sept. 9, 1999.

Certiorari Denied Feb. 14, 2000.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Cynthia Ann Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert Ukeiley, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, James R. Kilgore, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. ·35(c). We affirm.

Defendant pleaded ·guilty in May 1991 to one count of first degree aggravated motor vehicle theft. In exchange for his guilty plea in this case and his guilty plea to violation of bond conditions in another case, the prosecution agreed to dismiss charges pending against him in a third case. In addition, the prosecution agreed not to use defendant's bond violation in the second case as a sentencing aggravator in this case.

Defendant was thereafter sentenced on June 21, 1991, to four years of supervised probation.

Nearly seven years later, on April 20, 1998, defendant, acting *pro se*, filed a Crim. P. 35(c) motion alleging that the prosecution's objection at the sentencing hearing to the imposition of a three-year sentence to probation violated ·the terms of the plea agreement.

The trial court denied the motion without holding a hearing.

## I.

■ We first address the People's claim that defendant's motion was time barred under § 16–5–402, C.R.S.1998. We conclude that we may, and we do, choose to address the merits of that motion.

Neither the prosecution nor the court raised this issue in the trial court. Citing *People v. St. John*, 934 P.2d 865 (Colo.App. 1996) and *People v. Shackelford*, 851 P.2d 218 (Colo.App.1992), defendant claims that, by failing to assert the time bar in the trial court, the prosecution waived the issue of the timeliness of the motion.

In May 1998, however, the General Assembly amended § 16–5–402, effective upon its enactment, *see* Colo. Sess. Laws 1998, ch. 251, § 13 at 949, to include the following provision:

> If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court *may* deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.

Section 16–5–402(1.5), C.R.S.1998 (emphasis added).

■ There has, as yet, been no authoritative decision whether the General Assembly intended for these provisions to be applied retroactively. We note, however, that the statute's use of the term "may" would seem to allow, but not to require, an appellate court to address the timeliness issue even if such had not been raised in the trial court. While this term can, in some instances, bear a mandatory meaning, *see Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106 (Colo. 1990), it is generally deemed to carry a permissive connotation, absent evidence of a contrary legislative intent. *See Continental Casualty Co. v. Rio Grande Fuel Co.*, 108 Colo. 472, 119 P.2d 618 (1941). And, this statute contains no evidence of a legislative intent to deprive the judiciary of its traditional right to exercise its discretion in deciding whether to address an issue not previously raised. *See* C.A.R. 1 (court may notice "any error appearing of record"); *Kendall v. Hargrave*, 142 Colo. 120, 349 P.2d 993 (1960).

Hence, we need not decide whether the statute is retroactive because we elect to address defendant's claims on their merits.

## II.

Defendant contends, for the first time on appeal, that the trial court erred by failing, *sua sponte*, to conduct a competency hearing before imposing sentence. We disagree.

■ Initially, we note that, contrary to the People's assertion, defendant's failure to raise this issue in the trial court does not preclude us from considering it as plain error on appeal. *See People v. Green*, 658 P.2d 281 (Colo.App.1982).

Section 16–8–110(2)(a), C.R.S.1998, requires the court to suspend any criminal proceeding whenever it "has reason to believe that the defendant is incompetent." *See also People v. Hendricks*, 972 P.2d 1041 (Colo.App.1998) (trial court has an independent obligation to raise the issue of a defendant's competency if it has reason to believe he or she is incompetent).

■ The need to protect an accused from proceeding to trial or sentencing while he or she is incompetent dictates that, if a "sufficient doubt" of competency has been raised, a trial court's failure to make a competency determination violates due process requirements. *People v. Morino*, 743 P.2d 49, 51 (Colo.App.1987).

■ However, due process does not require trial courts to "accept without questioning a lawyer's representations concerning the competence of his client." Rather, it is only if such representations, either alone or in conjunction with other evidence, raise a "bona fide doubt" of the defendant's competence that a court must address the issue. *People v. Morino, supra*, 743 P.2d at 51.

■ A defendant is competent to stand trial or to be sentenced if he or she is capable of understanding the nature and course of the proceedings and of participating and assisting the defense and cooperating with defense counsel. Section 16–8–102(3), C.R.S. 1998; *see also People v. Woods*, 931 P.2d 530 (Colo.App.1996).

■ There is an initial presumption of competency. *People v. Seigler*, 832 P.2d 980 (Colo.App.1991). And, because the trial court has the opportunity to observe a defendant's actions and general demeanor, it has

substantial discretion in determining whether a legitimate issue respecting that defendant's competency has been raised. *People v. Morino, supra.*

Here, at no time prior to the sentencing hearing did the defense assert that defendant was incompetent to proceed, and there was no request for a competency determination before sentence was imposed.

■ At the sentencing hearing, defense counsel suggested that defendant may have been confused *at the time of the offense* and that he may not have understood that the vehicle he took did not belong to him. As a result, the prosecution requested that defendant be ordered to undergo a psychological evaluation as a condition of probation. However, neither defense counsel nor the prosecutor suggested that defendant was confused at the time of the sentencing hearing or that he was otherwise incompetent to proceed.

At the conclusion of the sentencing hearing, the court agreed that defendant's behavior at the time of the offense was "bizarre" and ordered that he undergo a psychological evaluation if his probation officer deemed it appropriate. The court did not, however, comment upon defendant's then present competency.

The judge who presided at the sentencing hearing was the same judge who had presided at defendant's providency hearing. The transcripts of both hearings indicate that defendant's responses to the court's questions were rational and in context and that he understood the nature of the proceedings. Nothing suggests that defendant was incapable of participating or assisting in his defense. Indeed, at the providency hearing, the court specifically found that defendant was "alert and intelligent" and that he fully understood the nature of the proceedings and the consequences of his guilty plea.

Under these circumstances, we conclude that the parties' remarks at the sentencing hearing regarding defendant's mental condition at the time of the offense did not give rise to a sufficient doubt of his competency within the meaning of § 16–8–102(3) to trigger the requirement in § 16–8–110(2)(a) that the court suspend the proceedings and make a competency determination. *See People v. Seigler, supra; People v. Morino, supra.*

We thus conclude that the sentencing court did not abuse its discretion by failing, *sua sponte,* to raise the issue of defendant's competency and that he is not entitled to relief on this basis.

### III.

Defendant next contends that the plea agreement provided that the prosecution would "stand silent" at the sentencing hearing and that the prosecutor's objection to the imposition of a three-year sentence to probation violated the terms of the plea agreement. He thus maintains that the Crim. P. 35(c) court erred by denying his motion on that basis without holding a hearing. Again, we disagree.

■ Although, under some circumstances, a hearing may be held to consider a motion for post-conviction relief, not every person filing such a motion is entitled to a hearing thereon. *People v. Thomas,* 867 P.2d 880 (Colo.1994). A trial court may deny a Crim. P. 35(c) motion for post-conviction relief without conducting a hearing if the motion, the files, and the record clearly establish that the defendant is not entitled to relief. *People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992).

■ Here, the written plea agreement, which defendant signed, correctly advised him that he could be sentenced to between four and 16 years in the presumptive range and up to 32 years in the aggravated range. Sections 18–1–105(1)(a)(IV) and 18–1–105(6), C.R.S.1998. The agreement further stated that the prosecution would waive mandatory aggravation of defendant's sentence as a result of his bond status, but that his sentence was otherwise "open." Defendant acknowledged in the agreement that, "other than what is in this written agreement" or "stated in open court," no promises or representations had been made to him regarding sentencing.

At the providency hearing, the parties explained that the agreement called for an open sentence and that the only sentencing concession the prosecution had made was to waive the mandatory aggravator. And, the court reminded defendant of the presumptive and aggravated range of sentences that could be imposed upon entry of his guilty plea.

In his responses to questions from the court, defendant indicated that no promises, other than waiver of the mandatory aggravator, had been made to him with respect to sentencing. He further stated he had read the written plea agreement and that he understood the terms of the agreement as described both in writing and by the providency court, including the types of sentences that could be imposed.

The record thus belies defendant's claim that the prosecutor agreed to "stand silent" at the sentencing hearing. Moreover, contrary to defendant's assertion, during the sentencing hearing, the prosecutor at no point objected to the imposition of a three-year sentence, and the court did not suggest that it was inclined to impose such a sentence. Indeed, such a sentence would have been less than the minimum sentence defendant was advised he could receive. The only comment the prosecutor made regarding the length of defendant's sentence was that "a sentence of several years to Community Corrections would be appropriate."

Accordingly, we conclude that the trial court properly rejected defendant's claim that the prosecutor's comments violated the terms of the plea agreement. In addition, to the extent defendant's motion raised an ineffective assistance of counsel claim, the claim was premised on his argument that the sentence imposed violated the terms of the plea agreement. Defendant was thus not entitled to relief on that basis.

Finally, because the record establishes, as a matter of law, that defendant was not entitled to the relief requested, we reject his contention that the trial court erred by denying his motion without holding a hearing. *See People v. Hartkemeyer, supra.*

The order is affirmed.

Justice KIRSHBAUM* and Judge TURSI* concur.