23CA1351 Peo v Vaughan 05-28-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1351
Larimer County District Court No. 06CR859
Honorable Stephen J. Jouard, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Robert Anthony Vaughan,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 28, 2026

Philip J. Weiser, Attorney General, Erin K. Grundy, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Robert Anthony Vaughan, appeals the district court's order denying his Crim. P. 35(c) motion for postconviction relief.  Because we conclude that Vaughan's motion is time barred, we affirm.

## I.    Background

¶ 2    Vaughan was charged with second degree kidnapping, second degree assault, menacing, and attempted first degree murder with a crime of violence sentence enhancer.  The charges stemmed from allegations that he assaulted his common law wife over the course of five days.  The prosecution later added one count each of tampering with a witness or victim and violation of a protection order.

¶ 3    After a trial, a jury convicted Vaughan of second degree assault, tampering with a witness or victim, and violation of a protection order.  He was acquitted of the remaining counts.  The district court imposed a controlling sentence of twenty years in the custody of the Department of Corrections.

¶ 4    On direct appeal, a division of this court affirmed Vaughan's judgment of conviction.  *See People v. Vaughan*, (Colo. App. No. 12CA0970, July 3, 2014) (not published pursuant to C.A.R. 35(f))

(*Vaughan I*).  His conviction became final when this court issued its mandate on February 11, 2015.

¶ 5      In 2017, Vaughan filed a pro se motion to correct an illegal sentence under Crim. P. 35(a).  Vaughan claimed his sentence was illegal because the district court failed to consider restitution at sentencing.  The district court denied the motion, but a division of this court reversed and remanded the case to the district court for consideration of the amount of restitution, if any.  *People v. Vaughan*, (Colo. App. 18CA0299, May 9, 2019) (not published pursuant to C.A.R. 35(e)) (*Vaughan II*).

¶ 6      In 2021, Vaughan filed a pro se motion for postconviction relief under Crim. P. 35(c), alleging various claims of ineffective assistance of trial counsel.  Vaughan asserted that he was "only filing this 35(c) at this time due to time limitations on [his] misdemeanor [conviction]."  The district court appointed counsel, who supplemented the motion.  In a section titled "Jurisdictional Issues," counsel noted the three-year statutory time bar for collaterally attacking a conviction, the prior division's correction of Vaughan's illegal sentence (including the date of the mandate following that appeal — June 28, 2019), and the date Vaughan filed

his pro se motion, namely, March 17, 2021. The prosecution filed a written reply opposing the merits of the motion but did not address whether it was filed timely. In a written order, the court considered the timeliness of the motion:

> It appears to the court that the motion has been timely filed pursuant to C.R.S. § 16-5-402(1) and the People do not argue otherwise. *See, People v. St. John*, 934 P.2d 865 (People waive time bar if not raised in the trial court).

The district court then granted an evidentiary hearing on four of Vaughan's claims but denied the remaining eleven.

¶ 7 At the evidentiary hearing, the parties did not discuss the timeliness of Vaughan's motion, nor did the district court request that they do so. Following the hearing, the court issued a written order denying all four claims. In its order, the court repeated its prior finding that it "appear[ed]" that Vaughan's motion was timely, but added the following footnote:

> In *Hunsaker v. People*, 2021 CO 83, the Colorado Supreme Court clarified that the period for filing a timely [motion for] postconviction relief is extended where there is a determination that the Defendant was subject to an illegal sentence. However, the Court determined that the three year period is only extended to allow a defendant to raise arguments that address how the illegality in

their sentence affected the original conviction. Because the People have not argued that Defendant's motion is untimely, the court will not address the issue.

¶ 8    This appeal follows.

## II.    Discussion

¶ 9    On appeal, Vaughan contends that the district court erred by denying his Crim. P. 35(c) motion. In particular, he asserts that (1) he was entitled to a hearing on two of the claims that the court summarily denied; (2) the court utilized an incorrect legal standard for assessing prejudice as to the four claims for which the court found deficient performance by counsel; and (3) the court failed to consider cumulative prejudice.

¶ 10    The Attorney General responds that Vaughan's motion was untimely and, because he did not assert facts that would establish justifiable excuse or excusable neglect for his late filing, we should exercise our discretion under section 16-5-402(1.5), C.R.S. 2025, and affirm the court's denial of Vaughan's motion on alternate grounds.

¶ 11    We agree with the Attorney General that the motion was time barred. Therefore, we affirm the district court's order, but on grounds other than those relied on by the district court.

### A.    Cross-Appeal and Waiver

¶ 12    Initially, we reject Vaughan's assertion that we should not consider the Attorney General's arguments concerning the timeliness of the motion because they did not cross-appeal the district court's timeliness and waiver findings.

¶ 13    The Attorney General is not seeking relief greater than what was granted in the judgment; it is merely defending that judgment. *See People v. Suttmiller*, 240 P.3d 504, 506-07 (Colo. App. 2010) (cross-appeal required when party seeks to increase rights under judgment). And a party on appeal may defend a district court's judgment on any ground supported by the record, regardless of whether that ground was relied upon or even contemplated by the district court. *People v. Eppens*, 979 P.2d 14, 22 (Colo. 1999). Thus, the Attorney General may defend, on timeliness grounds, the district court's order denying Vaughan's motion and supplement.

¶ 14    We also reject Vaughan's assertion that the prosecution waived the application of section 16-5-402(1)'s time bar because it

did not raise this procedural bar until appeal. It was not the prosecution's burden to raise the time bar. Instead, it was Vaughan's burden to establish the existence of justifiable excuse or excusable neglect necessary to bypass section 16-5-402(1)'s time bar, including alleging facts that, if proved, would carry that burden. *See People v. Abad*, 962 P.2d 290, 291 (Colo. App. 1997).

¶ 15    Moreover, section 16-5-402(1.5) specifically authorizes an appellate court to notice that a Crim. P. 35(c) motion is time barred, even if the issue of timeliness was not raised to the district court. Section 16-5-402(1.5) provides:

> If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits . . . , the appellate court may deny relief on that basis, *regardless* of whether the issue of timeliness was raised in the trial court.

(Emphasis added.) Therefore, section 16-5-402(1.5) permits us to address the motion's timeliness irrespective of whether the issue was raised below. *See People v. Kilgore*, 992 P.2d 661, 663 (Colo. App. 1999) (reflecting that section 16-5-402(1.5) "contains no evidence of a legislative intent to deprive the judiciary of its

traditional right to exercise its discretion in deciding whether to address an issue not previously raised").

¶ 16 Moreover, Vaughan's reliance on *People v. Davis*, 2018 COA 113, and *Wood v. Milyard*, 566 U.S. 463 (2012), for the proposition that the prosecution waived the application of section 16-5-402(1)'s time bar by not raising it until appeal is misplaced.

¶ 17 Relying on *People v. St. John*, 934 P.2d 865, 866 (Colo. App. 1996), the *Davis* division noted that it would not consider the timeliness of Davis's Crim. P. 35(c) motion (even though it was filed more than fourteen years after his conviction was final) because "the record d[id] not indicate that the People responded to Davis's 2003 motion, much less that they argued it was time barred." *Davis*, ¶ 5 n.1. But *St. John* was abrogated by statute, as another division of this court recognized in *Kilgore*, 992 P.2d at 663. And, unlike the instant case, the prosecution in *Davis* did not raise the timeliness issue on appeal.

¶ 18 In *Wood*, the prosecution asserted that it would "not challenge, but [was] not conceding," the timeliness of the defendant's habeas motion. *Wood*, 566 U.S. at 465. Concluding that the prosecution deliberately waived the timeliness issue, the Supreme Court held

7

that the appellate court abused its discretion in applying it. *Id.* at 474. But *Wood* involved statutory authority that extended to federal courts applying a federal statute, which is not applicable here. And as noted, the General Assembly has enacted a specific statutory provision permitting divisions of this court to address the timeliness of a collateral attack even if the issue was not raised in the district court. *See Robbins v. People*, 107 P.3d 384, 390 (Colo. 2005) ("Our legislature and courts have evinced a strong desire to curb stale postconviction claims in order to ensure finality of convictions in our criminal justice system, give force to repeat offender statutes, and alleviate the difficulties of litigating stale claims."); *see also People v. Gardner*, 55 P.3d 231, 232 (Colo. App. 2002) ("The timeliness issue was not presented in the trial court, but [section] 16-5-402(1.5) . . . gives us discretion to deny relief on appeal on that ground nonetheless.").

¶ 19    Accordingly, we conclude that the prosecution was not required to file a cross-appeal in order to defend the judgment based on timeliness, and that the application of 16-5-402(1)'s time bar was not waived. We turn next to the timeliness of Vaughan's motion.

## B. The Motion Was Untimely

¶ 20　We review de novo whether a motion is untimely or can be considered on the merits based on justifiable excuse or excusable neglect. *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008); *People v. Bonan*, 2014 COA 156, ¶ 16. Further, we may affirm a district court's denial of a Crim. P. 35(c) motion on any ground supported by the record, even if the court did not consider or contemplate that ground. *People v. Hamm*, 2019 COA 90, ¶ 23.

¶ 21　A defendant must file a Crim. P. 35(c) motion within three years after the date their felony conviction is final. *See* § 16-5-402(1); *People v. Wiedemer*, 852 P.2d 424, 442 (Colo. 1993). Where, as here, there was a direct appeal, a conviction is final when the appellate process has been exhausted. *See People v. Hampton*, 857 P.2d 441, 444 (Colo. App. 1992), *aff'd*, 876 P.2d 1236 (Colo. 1994).

¶ 22　For purposes of section 16-5-402(1), Vaughan's conviction became final on February 11, 2015 — that is, the date the mandate was issued in his direct appeal. Therefore, Vaughan had until February 11, 2018, to file a Crim. P. 35(c) motion. Vaughan did not file his motion, however, until March 17, 2021. Accordingly, Vaughan's motion was untimely, and "it cannot proceed unless an

exception under section 16-5-402(2) applies." *Hunsaker v. People*, 2021 CO 83, ¶ 36 (*Hunsaker II*).

¶ 23    As relevant here, a defendant's untimely submission of a Crim. P. 35(c) motion may be excused if the defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d).  The supreme court has identified six non-exclusive factors that may bear on the justifiable excuse or excusable neglect inquiry.  *See Wiedemer*, 852 P.2d at 441-42 (listing factors a court should consider).  It is the defendant's burden to allege and establish justifiable excuse or excusable neglect.  *People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002).

¶ 24    On appeal, Vaughan appears to concede that he did not allege circumstances amounting to justifiable excuse or excusable neglect sufficient to justify the untimeliness of his motion.  Nevertheless, he asserts that there was no need to make such a showing because the motion appeared timely under *Leyva v. People*, 184 P.3d 48 (Colo. 2008), and *People v. Baker*, 2017 COA 102, *rev'd*, 2019 CO 97M.  Therefore, in his view, we should either affirm the district court's

ruling that the motion was timely or remand for additional findings regarding justifiable excuse or excusable neglect.

¶ 25    To begin, we note that in *Leyva,* the supreme court espoused both broad and narrow interpretations of a successful Crim. P. 35(a) motion's effect on the three-year time limit for Crim. P. 35(c) motions. *Leyva,* 184 P.3d at 50-51; *see also Hunsaker II,* ¶ 24. This caused confusion in subsequent cases about whether a successful Crim. P. 35(a) motion resets the three-year Crim. P. 35(c) time limit for *all claims*, or whether it resets the three-year time limit for *only those claims related to the illegal sentence. Compare Baker,* ¶¶ 37, 40-41, *with People v. Hunsaker,* 2020 COA 48, ¶¶ 16, 19-21 (*Hunsaker I*), *aff'd, Hunsaker II.*

¶ 26    In *Hunsaker II,* the supreme court resolved this issue by affirming the latter view: a successful Crim. P. 35(a) motion resets the three-year Crim. P. 35(c) time limit for only those claims based on "how the illegality in the sentence potentially affected the original conviction." *Hunsaker II,* ¶ 26.

¶ 27    The claims in Vaughan's Crim. P. 35(c) motion and supplement do not relate to the illegality in his sentence. However, his motions were filed in the post-*Leyva* era of confusion and before

the supreme court's clarification in *Hunsaker II*. This means that if Vaughan had relied on the broad interpretation of *Leyva* (a successful Crim. P. 35(a) motion resets the time limit for *all* Crim. P. 35(c) claims), he may well have had a justifiable excuse argument for not filing his Crim. P. 35(c) motion during the period starting when his sentence was deemed illegal and corrected (June 2019) and ending when he ultimately filed his Crim. P. 35(c) motion (March 2021). *See Hunsaker II*, ¶ 41 (concluding that the defendant should be permitted to argue justifiable excuse or excusable neglect on remand because he "seems likely to have relied on the language in *Leyva* that we have now disavowed in delaying the filing of his Crim. P. 35(c) motion").

¶ 28 But when assessing a justifiable excuse or excusable neglect argument, we consider the circumstances existing throughout the entire period between the expiration of the filing time limit and the actual filing of the late motion. *See Wiedemer*, 852 P.2d at 441-42 (In determining the applicability of the justifiable excuse or excusable neglect exception, we "consider the circumstances existing throughout the entire period from the inception of the conviction in question."). And Vaughan's successful Crim. P. 35(a)

motion and the potential confusion around *Leyva* accounts for less than all of that period here. This is because Vaughan's original three-year Crim. P. 35(c) time limit expired in February 2018, sixteen months before his sentence was deemed illegal and corrected. During these sixteen months immediately after his three-year time limit had expired, *Leyva* did not apply (because his sentence had not yet been deemed illegal) and there was no reason for Vaughan not to file his Crim. P. 35(c) motion.

¶ 29    Because it was Vaughan's burden to allege and establish justifiable excuse or excusable neglect — and he failed to do so for the sixteen-month period leading up to the correction of his illegal sentence — we decline his request to remand the case for further consideration of the matter. *See Clouse*, 74 P.3d at 340; *see also People v. Metcalf*, 979 P.2d 581, 583 (Colo. App. 1999) ("[B]ecause [the] defendant did not allege circumstances of justifiable excuse or excusable neglect in his Crim. P. 35(c) motion, we reject his alternative argument that the untimeliness of his Crim. P. 35(c) motion was the result of justifiable excuse or excusable neglect" and "we [need not] remand to allow the trial court to consider such an argument.").

¶ 30 Accordingly, because the record shows that Vaughan's motion was time barred and the exceptions to Crim. P. 35(c)'s time limitations bar do not apply to his claims, we exercise our discretion under section 16-5-402(1.5) and conclude, albeit on different grounds, that the district court did not err by denying his motion. *See People v. Knoeppchen*, 2019 COA 34, ¶ 32 (acknowledging that timeliness was not raised by the prosecution in the district court and exercising discretion under section 16-5-402(1.5) to affirm on alternate grounds), *overruled on other grounds by People v. Weeks*, 2021 CO 75.

## III. Disposition

¶ 31 The order is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.